IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01819-KLM

ALEXIS SEVCOVIC, and
RICHARD SEVCOVIC,

     Plaintiffs,

v.

CITY AND COUNTY OF DENVER, on behalf of Denver International Airport,

     Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Third Motion to Amend Complaint** [#25][1] (the "Motion"). Defendants filed a Response [#26] in opposition to the Motion. No Reply has been filed. The Court has reviewed the Motion, Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Motion [#25] is **DENIED**.

On January 15 and January 18, 2016, Plaintiffs filed two motions requesting to amend the Complaint. *Motions to Amend* [#23, #24]. The Court denied the first Motion to Amend as moot in light of the second that was filed. *Minute Order* [#24]. The Court further denied the second Motion to Amend because it "[did] not comply with D.C.COLO.LCivR

---

[1] "[#25]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

10.1(e) and D.C.COLO.LCivR 15.1," noting that the second Motion to Amend "fail[ed] to attach the proposed Amended Complaint **or the exhibit required by D.C.COLO.LCivR 15.1 reflecting the proposed modifications to the Complaint**." *Id.* (emphasis added).

Nonetheless, a week later, Plaintiffs filed the present Motion without the exhibit reflecting the proposed modifications. *Motion* [#25]. The Motion is subject to denial on this basis alone.

Further, in support of the Motion, which seeks to amend the Complaint [#4] to add additional defendants, Plaintiffs state that "the addition of supplemental allegations clarifying the claims for relief and asserting additional claims is not untimely, in bad faith, futile, or based on a dilatory motive. The amendments to the original Complaint will not cause undue prejudice." *See id.* ¶ 5. However, the Scheduling Order [#16] issued by the Court established a deadline of November 30, 2015 for the amendment of pleadings. *Scheduling Order* [#16] at 6-7. Thus, although Plaintiffs contend that "the addition of supplemental allegations . . . is not untimely," it quite clearly is. *Motion* [#25] ¶ 5. Thus, because the Motion was filed after the deadline to join parties and amend pleadings expired, Plaintiffs must provide good cause for their failure to timely move for amendment pursuant to Rule 16(b)(4).

To meet the Rule 16(b)(4) standard, Plaintiffs must "show that [they were] diligent in attempting to meet the [pleading amendment] deadline," this standard can be met by the provision of "an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 & n.4 (10th Cir. 2006) (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness does). If good cause is shown, the Court next

considers any arguments raised by the parties related to whether justice would be served by amendment.   Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).   Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, the only basis provided by Plaintiffs in support of the Motion is the following statement: "The addition of non-parties is integral to this matter as the designation of non-party lists that these companies may have been responsible for the maintenance of the subject bathroom where Plaintiff was injured." *Id.* ¶ 6.  This does not establish "good cause" for Plaintiffs' delay in filing the Motion; indeed, it does not provide any explanation for Plaintiffs' delay in filing the Motion.   Thus, in addition to Plaintiffs' repeated failure to comply with the Local Rules, the Motion [#25] is denied for failure to comply with the good cause standard of Rule 16(b)(4).   *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so."); *see also id.* at 1242 ("Because [the plaintiffs] lacked good cause for the delay in amending their complaint, it was within the district court's discretion to deny their motion pursuant to Rule 16(b)(4).").

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#25] is **DENIED.  Counsel for Plaintiffs is further warned that all filings with the Court must comply with the Local Rules. Any filing that fails to comply with the Local Rules will be summarily stricken.**

Dated:  April 14, 2016

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge